

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. J. B. Hutchinson
County Auditor
Bowie County
Boston, Texas

Dear Sir:

Opinion No. 0-7236

Re: Authority of the Commissioners'
Court of Bowie County to pay
part of expenses incurred by
members of the Texas Rangers
and Highway Patrol while work-
ing the said county.

Your letter dated May 14, 1946, requesting an opinion
of this department, reads as follows:

"We have a number of Texas Rangers and Highway
Patrol in our County at this time working on some
crimes committed the past few weeks. Does the Com-
missioners' Court have the authority to pay any part
of these officers' expenses while working in Bowie
County?"

Generally, members of the Texas Ranger forces and the
Texas Highway Patrol are under the jurisdiction and control of
the Department of Public Safety, a department of the State Gov-
ernment, and their compensation is that fixed and provided by the
Legislature in its general appropriation bill, S. B. 317, ch. 378,
Acts 1945, 49th Legislature.

An examination of the foregoing bill discloses appropri-
ations to the Department of Public Safety for the biennium ending
August 31, 1947, fixing salaries and, in addition, containing ap-
propriated amounts for the main or headquarters division of the
department, including the Texas Rangers, authorized for travel and
transportation expenses, automobile maintenance, postage, supplies,
contingent, etc., and any other necessary department expenses, in-
cluding equipment. Likewise, amounts are appropriated for the Texas
Highway Patrol Division for salaries and substantially the same auth-
orized expenses.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. J. B. Hutchinson - Page 2

Article 4413 (11) V.A.C.S., provides in Subdivisions (3) and (4):

"The compensation of the officers shall be such as allowed by the Legislature.

". . . . All necessary expenses thus incurred shall be paid by the State."

Article 4413 (12) of said statute, applicable to the Texas Highway Patrol members, provides in Subdivision (3):

"The compensation of the officers shall be such as allowed by the Legislature."

Clothed with all the power and authority of peace officers, with such Highway Patrolmen exercising the powers vested in them as members of the State Highway Motor Patrol of Texas (Art. 827a, Sec. 16, V.A.P.C.), the jurisdiction of such officers is state wide, co-extensive with the boundaries of the State, when commissioned to aid and cooperate in any county with the local city police and county peace officers in the prevention and detection of crime. The paramount interest of the State at large and its citizenship as a whole in such lawlessness and crime as in the judgment of the State authorities commands the aid and cooperation of these highly trained and efficient officers, militates against their service and duties coming under the head of "county business" within the jurisdiction and power of a Commissioners' Court, granted in Article V, Section 18 of the Constitution of Texas.

It is settled by the authorities in this State that the Commissioners' Court is a court of limited jurisdiction and may exercise only such authority as is conferred by the Constitution and statutes of this State. 11 Tex. Jur., p. 564-5. We find no constitutional or statutory authority, either expressly or by implication, empowering such courts to pay any portion of the expenses to the officers named in your request.

It is, therefore, the opinion of this department that the expenses incurred by Texas Rangers and Highway Patrolmen in the discharge of their duties in any county of this State are not legally chargeable to the county and no authority exists authorizing the Commissioners' Court to pay same out of county funds.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WmK:djm

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN